UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Glenn Tinney,** | ) | **CASE NO. 1:14 CV 703** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Richland County, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion for Substitution of Parties (Doc. 25). This is a civil rights case. For the reasons set forth below, plaintiff's motion is GRANTED consistent with this opinion.

### Facts

Plaintiff, Glenn Tinney, brings this action against James M. Mayer, Jr., the prosecutor of Richland County ("defendant"), Joesph Masi, who was a prosecutor's investigator, David Mesaros, who was an assistant prosecutor, Richland County, and several unnamed defendants.

In 1992, plaintiff pled guilty to the 1988 murder and aggravated robbery of Ted White.

He was thereafter convicted and sentenced to fifteen years to life for the murder and ten to twenty-five years for the aggravated robbery.

In 2012, plaintiff was allowed to withdraw his guilty plea when Judge DeWesse found that plaintiff had "confessed to killing a man he could not identify, for conflicting motives which don't match the facts, at the wrong time of day, with a weapon that does not match the victim's injuries, by striking him in the wrong part of the head, and stealing items the victim either still possessed after the attack or probably never possessed." (Comp. ¶ 58).

Plaintiff thereafter brought suit, alleging eight claims against defendant in his official and individual capacity. Counts I through VI are § 1983 claims, Count VII is a claim for infliction of emotional distress and Count VIII is a claim for civil conspiracy under Ohio law.

While the action was pending, defendant died. Plaintiff thereafter made the instant motion under Federal Rule of Civil Procedure 25(a) to substitute James M. Mayer, III, who has been named the executor of defendant's estate, for the claims made against defendant in his individual capacity.[1] Defendant opposes the motion.

**Discussion**

Federal Rule of Civil Procedure 25(a) permits the court to substitute the proper party in the event a party dies, the claim is not extinguished by the death, and the motion is made

---

[1] Defendant does not dispute that the official capacity claims against defendant automatically survive death and proceed against his successor, Bambi Couch-Page. However, defendant notes that an official capacity suit is construed as an action against Richland County. Because plaintiff has also named Richland County as a defendant, the claims are duplicative. The Court agrees and the official capacity claims are dismissed. *See Minor v. Foster,* 2013 WL 4521101 (M.D. Tenn. August 27, 2013) (citations omitted).

within 90 days.

There is no dispute about the timeliness of the motion.  The issue is whether claims brought against defendant in his individual capacity survive death.

**A. 1983 Claims**

The survival of a § 1983 claim is determined by looking at state law, so long as it is not inconsistent with federal law or the Constitution. *Robertson v. Wegmann,* 436 U.S. 584, 588-90, 98 S.Ct. 1991, 1994-95, 56 L.Ed.2d 554 (1978); *Haggard v. Stevens*, 683 F.3d 714, 717-18 (6th Cir. 2012).  Ohio Revised Code § 2305.21 governs the survival of actions under Ohio law and provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive, and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

Under O.R.C. § 2305.21, "injuries to the person" means "physical injuries." *Witcher v. Fairlawn* (1996), 113 Ohio App.3d 214, 217, 680 N.E.2d 713; *Oakwood v. Makar* (1983), 11 Ohio App.3d 46, 47, 463 N.E.2d 61.

After review, the Court finds that plaintiff's § 1983 claims do not survive defendant's death.  Plaintiff argues that Ohio's survival statute is to be liberally construed and that his decades long wrongful incarceration alleges a significant physical injury sufficient to sustain his claim.  The Court disagrees and is not persuaded by plaintiff's case citations.  In *Jaco v. Bloechle*, 739 F.3d 239 (6th Cir. 1984), *Tinch v. City of Dayton*, Nos. 94-3436, 94-3516, 77 F.3d 483 (6th Cir. 1996) (unpublished), and *Garrett v. Belmont Cnty. Sheriff Dep't, No.,* 2011 WL 765975, at *5 (S.D. Ohio Feb. 25, 2011), the estates were seeking recovery for death which resulted from the constitutional violations, which is not the case here.

3

Rather, the Court finds instructive *Murray v. State*, 2002 Ohio 664, 2002 WL 337732 (Ohio Ct. App. 2002). Although plaintiff contends that the case is wholly distinguishable, the Court disagrees. There, Sheppard had been incarcerated for a decade before his conviction for murdering his wife was reversed and he was granted a new trial. *Id*. at *1. Upon retrial, Sheppard was found not guilty. After Sheppard died, the administrator of his estate brought suit seeking to determine that Sheppard was actually innocent and had been wrongfully imprisoned. The court found that the claim did not survive Sheppard's death because "[t]he injury caused by being wrongfully imprisoned is a violation of one's personal rights, not a physical injury." *Id*. at *3. *See also Witcher v. City of Fairlawn*, 113 Ohio App.3d 214 (1996) (finding that a claim for false imprisonment abated at claimant's death because it was not a physical injury but rather a deprivation of personal liberty).

As in *Murray*, plaintiff is alleging the injury of wrongful incarceration which is a violation of plaintiff's "personal rights, not a physical injury." *Murray*, at *3. Plaintiff's § 1983 claims allege that defendant coerced plaintiff, who was suffering from a mental illness, into making false and involuntary confessions by bribing him with money, coffee, and cigarettes (Count I), he withheld evidence and deprived plaintiff of a fair trial (Count II), he deprived plaintiff of his right to remain silent and to counsel (Count III), he failed to intervene to prevent violation of plaintiff's constitutional rights (Count IV), he conspired to deprive plaintiff of his constitutional rights (Count V), and he is liable for supervising the other defendants who violated plaintiff's constitutional rights (Count VI). These claims involve violations of plaintiff's personal rights—his right to a fair trial, his right to counsel, his right against self-incrimination. Because the claims do not allege physical injuries, the individual

4

capacity § 1983 claims do not survive defendant's death under Ohio law.

### B. State Law Claims

Plaintiff argues that the claim for infliction of emotional distress survives defendant's death. Once again, under O.R.C. § 2305.21, a cause of action for "injuries to the person" or a physical injury does not abate upon defendant's death. The question before the Court is whether plaintiff's claim for emotional distress constitutes a claim for a physical injury. After review, the Court finds that it does.

In *Bowman v. Parma Bd. of Ed.* 44 Ohio App.3d 169 (Ohio Ct. App. 1988), the administratrix of an estate filed suit for wrongful death and emotional distress after the breach of a non-disclosure agreement caused a teacher to commit suicide. The court found that the alleged psychic injury was so severe that it could constitute physical harm under the survival statute. *Id*. at 177-78 ("If a particularly diabolical infliction of emotional distress drives a person to suicide, claims for infliction of that emotional distress would survive the victim's demise."). Other courts interpreting *Bowman* have concluded that "Ohio law provides that a cause of action survives where psychic injury is alleged." *Huggard v. United Performance Metals, Inc.*, 2012 WL 368222 (S.D. Ohio Feb. 3, 2012). *See also Carney v. Stericycle, Inc.*, No. 04:06CV1473, 2007 WL 2236605, at *3 (N.D. Ohio July 31, 2007) (following *Bowman* and noting that "Plaintiff alleges severe emotional distress as an element of damages for the listed cause of action" in concluding that the plaintiff alleged personal injuries); *Kelly v. Greene*, No. 66359, 1994 WL 547767, at *2 (Ohio Ct. App. Oct. 6, 1994) (following *Bowman* and finding that sexual harassment was a psychic injury that did not abate at the death of a counterclaim defendant).

Defendant argues that plaintiff must "allege at least some specific facts to show that his or her emotional distress is particularly severe." (Doc. 27 p. 7).  The Court disagrees.  In order to state a claim for intentional infliction of emotional distress in Ohio, a plaintiff must allege that (1) defendants intended to cause emotional distress, or knew or should have known that their actions would result in plaintiff's serious emotional distress, (2) defendants' conduct was extreme and outrageous, (3) defendants' actions proximately caused plaintiff's emotional injury, and (4) plaintiff suffered serious emotional anguish. *Hanly v. Riverside Methodist Hosps.,* 78 Ohio App.3d 73, 603 N.E.2d 1126, 1132 (1991) (citing *Pyle v. Pyle*, 11 Ohio App.3d 31, 463 N.E.2d 98, 103 (1983)).  Plaintiff has alleged that he suffered "severe, debilitating emotional distress" because of defendant's actions. (Comp. ¶ 116).   Having alleged a psychic injury which is considered a physical injury under Ohio law, plaintiff's claim does not abate under Ohio law.  The substitution of James M. Mayer, III for defendant on this claim is proper.

Finally, plaintiff argues that his claim for civil conspiracy survives where the predicate claim of an unlawful act survives.  The Court agrees.  Plaintiff brought his civil conspiracy claim seeking redress for a conspiracy to inflict emotional distress as well as malicious prosecution.  As the Court has found that plaintiff's emotional distress claim did not abate upon defendant's death, the underlying civil conspiracy claim may proceed with James M. Mayer, III substituted as the defendant.

**Conclusion**

For the reasons set forth above, plaintiff's motion to substitute is GRANTED consistent with this opinion.  James M. Mayer, III is substituted as defendant for the state law

claims of emotional distress and civil conspiracy brought against James M. Mayer, Jr. in his individual capacity. The individual capacity § 1983 claims do not survive defendant James M. Mayer, Jr.'s death and are dismissed. The official capacity claims will proceed against Richland County only.

       IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                                PATRICIA A. GAUGHAN
                                United States District Judge

Dated: 12/8/14